**FILED**

OCT 2 0 2009

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  AARON D. WEGNER (ORBN 035354)
   Assistant United States Attorney
5
   450 Golden Gate Avenue
6  San Francisco, California
   Telephone: (415) 436-6831
7  Facsimile: (415) 436-6982
   E-Mail: aaron.wegner@usdoj.gov
8
   Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-09-0917 VRW (MEJ) |
| Plaintiff, | |
| v. | [PROPOSED] ORDER OF DETENTION |
| JIA YUE, | |
| Defendant. | |

**I.  INTRODUCTION**

A detention hearing in the above-captioned case for defendant Jia Yue was conducted on September 28, 2009. The Court has carefully considered the proffers of the government and the defendant's counsel and the pre-trial services report. The Court finds by a preponderance of the evidence that the defendant poses a risk of flight. The Court finds, for the reasons set forth below, that there are no conditions, or combinations of conditions which could be fashioned in order to assure the appearance of the defendant for trial if he is released. Therefore, for the reasons set forth herein, the Court orders that the defendant be detained.

Detention Order
[CR 09-0917 VRW]                           1

II.     **FACTORS TO CONSIDER UNDER 18 U.S.C. § 3142**

   1.   **Charges and Rebuttable Presumption**

On September 17, 2009, the Grand Jury for the Northern District of California returned an indictment charging defendant Jai Yue ("Yue") with conspiracy to manufacture and distribute ecstasy in violation of Title 21 U.S.C. § 846. The conspiracy count carries a maximum sentence of twenty years in prison. Therefore, there is a rebuttable presumption that he is both a flight risk and a danger. *See* 18 U.S.C. § 3142(e).

   2.   **Defendant's Travel to China**

According to proffers by the Government, Yue lived in China between December of 2007 and his return to the United States on September 14, 2009. During the time period of the alleged conspiracy, the Government has proffered that the defendant made no fewer than eight trips from San Francisco International Airport to Hong Kong, carrying drug profits, usually $250,000 at a time, in checked baggage. In addition, the Government has proffered that all of defendant's immediate family, with the exception of his sister, live in China. The Court finds that Yue's frequent travel to China demonstrates that he is a serious flight risk if released on bail in this case.

   3.   **Defendant's Employment History**

The defendant was unemployed in the United States from 2004 to December 2007, when he left for China. Thus, the pretrial services report reflects an inconsistent history of employment.

   4.   **Sureties**

The defendant did not present the Court with a single surety that was willing to post cash or property to support a bond.

III.    **CONCLUSION**

The Court finds that the defendant has not overcome the rebuttable presumption that he is a flight risk. *See* 18 U.S.C. §3142(e). Given the defendant's frequent travels to China, the defendant's sporadic employment history, and the absence of any sureties willing to post a bond

Detention Order
[CR 09-0917 VRW]                         2

1 on behalf of the defendant, the Court finds by a preponderance of the evidence that no conditions
2 or combination of conditions or release it could fashion would assure the defendant's appearance
3 for trial if he was released. Therefore, the Court ORDERS that the defendant be detained.

October /9, 2009

HON. MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE

Detention Order
[CR 09-0917 VRW]                    3